Singh v. Garland

BIA
Golovnin, IJ
A216 385 102

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of May, two thousand twenty-three.

PRESENT:
>        JOSEPH F. BIANCO,
>        WILLIAM J. NARDINI,
>        SARAH A. L. MERRIAM,
>             *Circuit Judges.*

_____

JAI SINGH,
>        *Petitioner*,

>        v.                                                        **21-6269**
                                                                   **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
>        *Respondent.*

_____

**FOR PETITIONER:**       Anas J. Ahmed, Esq., Pannun the Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**       Brian M. Boynton, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel, Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jai Singh, a native and citizen of India, seeks review of an April 13, 2021, decision of the BIA affirming a December 6, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jai Singh*, No. A216 385 102 (B.I.A. Apr. 13, 2021), *aff'g* No. A216 385 102 (Immig. Ct. N.Y. City Dec. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Y.C. v.*

2

*Holder*, 741 F.3d 324, 332 (2d Cir. 2013). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Singh challenges the agency's conclusion that he could safely relocate within India to avoid persecution by the Congress Party on account of his support for the Shiromani Akali Dal Mann Amritsar Party ("SADA"). Where, as here, an IJ determines that an asylum applicant has established past persecution, the applicant is presumed to have a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). "That presumption may be rebutted" where an IJ finds that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id*. § 1208.13(b)(1)(i)(B).[1] Where an applicant has established past persecution, the Government has the burden to show, by a preponderance of the evidence, that the applicant can safely relocate. *Id.* § 1208.13(b)(1)(ii). Factors affecting the reasonableness of relocation include "whether the applicant would face other serious harm in the place of

---

[1] Citations are to the version of the regulations in effect at the time of Singh's proceedings before the agency.

suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* § 1208.13(b)(3).

Singh testified that members of the Congress Party attacked him twice because of his membership in the SADA, and that the local police refused to accept his complaint when he tried to report the first attack. Substantial evidence supports the agency's conclusion that Singh, who is originally from Punjab, could safely relocate to Delhi.

Singh argues that the agency erred in finding that he could relocate because he testified credibly that he believed the police in Delhi would look at his ID card and notify the Congress Party, and that when he previously lived in Delhi he never went out because he felt that it was not safe. However, Singh's subjective beliefs on these issues did not preclude the Government from demonstrating with objective evidence that Singh could safely relocate. *Id.* § 1208.13(b)(1)(ii). Moreover, the record contains objective evidence to support safe relocation. A Library of Congress report concluded that Sikhs from Punjab can safely relocate in India so long as the individual is not of interest to the central authorities, and

4

that only high-profile militants would be at risk of persecution following relocation.  *See* Certified Administrative Record ("CAR") at 206–08, 211–15. Singh was not a high-ranking member in SADA.   Singh was attacked by members of a political party, not government authorities or officials; he was never attacked by the police or by members of any party other than the Congress Party.  *See Singh v. Garland*, 11 F.4th 106, 115 (2d Cir. 2021) ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or . . . is aligned with a party in power nationally—does not establish that the applicant was persecuted by the government.").   Singh agreed that the Congress Party was not in power in Delhi (a city of then more than 16 million), and there was no objective evidence that showing identification to local authorities in Delhi would provide means for Congress Party members to track him.   *See* CAR at 211–15 (Library of Congress report), 216 (population).   We have considered Singh's remaining arguments and find them without merit.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court